Richard D. McCune, State Bar No. 132124
rdm@mccunewright.com
David C. Wright, State Bar No. 177468
dcw@mccunewright.com
Mark I. Richards, State Bar No. 321252
mir@mccunewright.com
**MCCUNE WRIGHT AREVALO LLP**
3281 Guasti Road, Suite 100
Ontario, California 91761
Telephone: (909) 557-1250
Facsimile: (909) 557-1275

Attorneys for Plaintiff and the Putative Class

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AVEGAIL TORRES, on behalf of herself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FIGS, INC., a Delaware Corporation and Does 1 through 10, inclusive,<br><br>Defendant. | Case No: 5:19-cv-1432<br><br>**CLASS ACTION COMPLAINT**<br><br>1. Fraud (Affirmative Representation) (Based on California Law)<br>2. Fraudulent Concealment/Non-Disclosure (Based on California Law)<br>3. Negligent Misrepresentation (Based on California Law);<br>4. Violations of California's Consumer Legal Remedies Act (Cal. Civ. Code § 1750. *et seq*.);<br>5. Violations of California Unfair Competition Laws (Cal. Bus. & Prof. Code § 17200);<br>6. Violations of California False Advertising Law (Cal. Bus. & Prof. Code § 17500)<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Avegail Torres brings this action against Defendant FIGS, Inc. ("FIGS" or "Defendant") individually and on behalf of all others similarly situated, and hereby alleges as follows:

-1-

# I      INTRODUCTION

1. This is a class action lawsuit brought against FIGS, Inc. ("FIGS" or "Defendant") for falsely marketing its health-care apparel as "antimicrobial" and capable of "killing bacteria and infection immediately on contact." These representations, used to inflate the price and promote the sale of the health-care apparel, are utterly false. The falsity of the statements contained herein will not come as revelations to Defendant; it knew its health-care apparel was not capable of killing infectious diseases well before advertising and selling the health-care apparel based on scientific peer-reviewed studies showing that the presence of silver ions in the material of health-care apparel did not decrease bacterial contamination of healthcare providers' uniforms or skin or reduce healthcare provider contamination and the lack of any adequate testing of their own product. FIGS conduct is reprehensible. Not only has it caused Plaintiff and the Class to suffer monetary damages—it creates additional risk health and safety of medical professionals by creating a false belief that FIGS' scrubs kill bacteria and infection on contact. For these reasons, and those described further herein, Plaintiff brings this Class Action on behalf of herself and the putative class.

# II     PARTIES

2. Plaintiff Avegail Torres is a citizen of the State of California, and resident of Riverside County. Plaintiff Torres is a registered nurse employed by Kaiser Permanente-Ontario Medical Center, located in Ontario, California.

3. Defendant FIGS, Inc. is an online medical apparel retailer based in Los Angeles, California, and founded in 2012. The company markets and sells health-care apparel (e.g. scrubs and lab coats) through its website—www.wearsfigs.com—and third-party retailers throughout California and the United States.

4. On information and belief, FIGS, Inc. is a Delaware corporation with a principal place of business located at 11390 West Olympic Boulevard, Studio 280, Los Angeles, California 90064.

## III  JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1332 of the Class Action Fairness Act of 2005 because: (i) there are 100 or more class members, (ii) there is an aggregate amount in controversy exceeding $5,000,000, exclusive of interest and costs, and (iii) there is minimal diversity because at least one plaintiff and one defendant are citizens of different States.

6. Defendant FIGS, Inc. is a creator and distributor of medical apparel. Defendant sells its product directly to medical professionals through its own branded ecommerce website, as well as through third party online retailers such as Amazon. With reported revenue in 2017 of $23.1 million and revenue for 2018 reported to be projected to exceed $100 million, and given that Defendant's alleged false representations regarding the antimicrobial properties extended across Defendant's entire product line, Plaintiff submits that the number of class members far exceeds 100 persons and the potential damages in this case far exceeds $5,000,000, exclusive of interests and costs.

7. This Court has personal jurisdiction over Defendant because they have their principle place of business in this judicial district, and intentionally and purposefully and intentionally disseminated false and misleading advertisements from within this judicial district.

8. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391 because Defendant's principal place of business is in this district, Defendant transacts business in this district, Defendant is subject to personal jurisdiction in this district, and therefore is deemed to be citizens of this district.

## IV  GENERAL ALLEGATIONS

**A.  Background: Disease Transmission via Garments of Health-care Personnel**

9. As a natural consequence of their occupation, health-care employees are commonly exposed to diseases through direct contact with infected patients. Such direct exposures can lead to contamination—which is often visibly undetectable—of these

-3-

Class Action Complaint
Case No. 5:19-cv-1432

Class Action Complaint
Case No. 5:19-cv-1432

health care workers' medical garments (e.g. scrubs, lab coats, etc.), thereby posing a serious threat of indirect transmission to successive patients.[1]

10. Given the serious risk of indirect transmission of infectious diseases, the Occupational Safe and Health Administration ("OHSA") provides various guidelines for protecting health-care workers against their transmission.[2] Included in these guidelines are instructions for the proper handling, laundering, and sterilizing of contaminated medical uniforms, which according to OSHA—in combination with other regulations and protocols—serve as control measures for ensuring a safe environment for patients and healthcare personnel.

**B.  FIGS Is an Online Retailer of Apparel for Health Care Professionals**

11. FIGS advertises and promotes its FIGS Products online, through its product website at www.wearfigs.com. FIGS also advertises its FIGS Products online through social media websites and third-party retailers such as Amazon.com.

12. FIGS has distributed and continues to distribute advertisements and promotions that contain false and misleading statements about the qualities and properties of its FIGS Products through, at least, its own websites and social media accounts.

**C.  FIGS Falsely Represented that its Health-care Apparel Is Antimicrobial**

13. As stated previously, Defendant sells and advertises various medical scrubs ("FIGS Scrubs") and lab coats (collectively referred to as "the Class Products") to health-care professionals through the United States. According to FIGS representations, these Class Products are made with fabric containing "FionTechnology"—a four-way stretch, breathable, wrinkle-resistant, and moisture wicking material.

14. In addition to the properties described above, since as early as September of 2013, Defendant FIGS claimed that FionTechnology is antimicrobial— "capable of killing bacteria and infection immediately on contact." Such representations could be

---

[1] *See* www.cdc.gov/hicpac/pdf/isolation/Isolation2007.pdf at pgs. 4-7 (last visited July 31, 2019)

[2] *See* www.osha.gov/SLTC/healthcarefacilities/infectious_diseases.html (last visited July 31, 2019).

-4-

Class Action Complaint
Case No. 5:19-cv-1432

seen by potential consumers on social media platforms, Defendant's website, and the tags of the Class Products themselves.

**FIONTECHNOLOGY™**

**FOUR WAY STRETCH**
Stretches in all directions, cross and lengthwise. Moves with you.

**BREATHABLE**
Softly woven fabrication allows air to be transmitted through the material.

**ANTIMICROBIAL**
Kills bacteria and infection immediately on contact.

**WRINKLE RESISTANT**
Iron not needed.

technical collection

15. According to Defendant's marketing and advertisements, the Class Products' antimicrobial properties are derived from the silver ions incorporated into the fabric's polymer structure.

16. Contrary to Defendant's representations, at least two peer reviewed studies have debunked claims that silver contains properties capable of killing bacteria and infectious diseases when present in medical scrubs.[3] Based on information and belief,

---

[3] Marisha Burden, et al., "Bacterial Contamination of Healthcare Workers' Uniforms: A Randomized Controlled Trial of Antimicrobial Scrubs," J. of Hospital Medicine, Vol. 8, No. 7 (July 2013) (finding no evidence that surgical scrubs containing two proprietary antimicrobial chemicals and silver embedded into the fabric decreased bacterial contamination of healthcare providers' uniforms or skin after an eight-hour workday); Deverick J. Anderson, et al., "The Antimicrobial Scrub Contamination and Transmission (ASCOT) Trial: A Three-Arm, Blinded, Randomized Controlled Trial With Crossover

FIGS has no scientific evidence or basis to verify its representations that the Class Products are antimicrobial and capable of killing bacteria and infections on contact. Such claims are false, misleading, and are devoid of any scientific basis.

17. FIGS knew that the Class Products were not antimicrobial long before advertising and selling them to Plaintiff and the Class Members. At the very least, Defendant knew that there was no scientific evidence, studies, or testing to confirm the truthfulness of such representations.

**D.   Plaintiff Torres's Purchases of FIGS Scrubs**

18. In May 2016, Plaintiff made six separate purchases for various FIGs Scrubs directly from Defendant's website: www.wearfigs.com. Plaintiff purchased one or more units of the following FIGS products: Men's Chisec – Three-Pocket Scrub Top; Women's Kade – Petite Cargo Scrub Pants; Women's Casma – Three-Pocket Scrub Top; Men's Axim – Cargo Scrub Pants; Men's Pisco – Basic Scrub Pants; Women's – Zamora Petite Jogger Scrub Pants; Men's Cairo – Cargo Scrub Pants; In total, these purchases cost Plaintiff $747.76.

19. Prior to purchasing FIGS Scrubs, Plaintiff saw representations on Defendant's website that these products were "antimicrobial"—i.e. capable of killing infection and bacteria upon contact. Relying on those representations, Plaintiff Torres purchased FIGS Scrubs for herself and her husband, Paul Toledo, who is also a registered nurse.

20. After learning that Plaintiff purchased FIGS Scrubs, and Defendant's claims of them being antimicrobial, Plaintiff's husband researched whether "antimicrobial scrubs" actually killed bacteria and infection on contact and found multiple scientific studies finding to the contrary.

---

Design to Determine the Efficacy of Antimicrobial- Impregnated Scrubs in Preventing Healthcare Provider Contamination," Infect. Control Hosp. Epidemiol., 2017;38:1147–1154 (observing that a surgical scrubs that contained a complex element compound with a silver alloy embedded in its fibers were not effective at reducing healthcare provider contamination).

21. The results of her husband's inquiry were upsetting and unsettling to Plaintiff, who had purchased the FIGS for her use in a medical facility based at a premium price, in material part, on Defendant's representations that the scrubs were "antimicrobial." As such, Plaintiff relied on the accuracy of Defendant's representation that FIGS Scrubs were "antimicrobial." The FIGS scrubs were significantly more expensive than scrubs from other manufacturers that Plaintiff previously had purchased. Had Plaintiff known these representations were false, she would not have purchased FIGS Scrubs or would have paid the reduced value for what she received versus what was represented.

**E.     FIGS Recent Removal of False False Advertisements and Representations**

22. Based on information and belief, sometime in June or July 2019, Defendant FIGS began removing from its website and marketing materials all representations that the Class Products are antimicrobial. Despite removing these false representations, Defendant has failed to notify its customers that the Class Products purchased from Defendant do not have antimicrobial properties as previously represented.  The threat of harm to the public and Class Members will continue until Defendant gives adequate notice that the Class Products are incapable of killing bacteria and infection.

## V     TOLLING OF STATUTES OF LIMITATIONS

23. Any applicable statute(s) of limitations have been tolled by Defendant's knowing and active concealment and denial of the facts alleged herein. Plaintiff and the Members of the Class could not have reasonably discovered the true, latent nature of the Defect until shortly before this class action litigation was commenced.

24. Defendant was and remains under a continuing duty to disclose to Plaintiff and the Members of the Class the true character, quality, and nature of the Class Products, in that that they pose safety concerns because they do not possess the qualities of being antimicrobial and killing bacteria and infection immediately on contact. As a result of the active concealment by Defendant, any and all applicable statutes of limitations otherwise applicable to the allegations herein have been tolled.

# VI   CLASS ALLEGATIONS

25. Plaintiff bring this action on their own behalf, and on behalf of a nationwide class pursuant to Federal Rules of Civil Procedure, Rule 23(a), 23(b)(2), and/or 23(b)(3).

**Nationwide Class:**

All persons or entities in the United States who are purchasers of the Class Products from 2013 to the present.

26. In the alternative to the Nationwide Class, and pursuant to Federal Rules of Civil Procedure, Rule 23(c)(5), Plaintiff seek to represent the following state sub-class only in the event that the Court declines to certify the Nationwide Class above. Specifically, the state class consists of the following:

**California Class:**

All persons or entities in California residents who are purchasers of the Class Products from 2013 to the present.

27. Together, the California Class, and the Nationwide Class shall be collectively referred to herein as the "Class." Excluded from the Class are Defendant, its affiliates, employees, officers and directors, persons or entities that purchased the Class Products for resale, and the Judge(s) assigned to this case. Plaintiff reserves the right to modify, change, or expand the Class definitions based on discovery and further investigation.

28. **Numerosity**: Upon information and belief, the Class is so numerous that joinder of all members is impracticable.  While the exact number and identities of individual members of the Class are unknown at this time, such information being in the sole possession of Defendant and obtainable by Plaintiff only through the discovery process, Plaintiff believe, and on that basis allege, that hundreds of thousands of Class Products have been sold in California and throughout the United States.

29. **Existence and Predominance of Common Questions of Fact and Law:** Common questions of law and fact exist as to all members of the Class. These questions predominate over the questions affecting individual Class Members. These common legal and factual questions include, but are not limited to, whether:

    a. Whether Defendant falsely represented that the Class Products are antimicrobial;

    b. Whether Defendant falsely represented that the Class Products are capable of reducing hospital acquired infections;

    c. Whether Defendant falsely represented that the Class Products are capable of killing bacteria and infectious disease on contact;

    d. When Defendant learned that the above representations were false;

    e. Whether Defendant had a duty to disclose to their customers, patients, the government, health-care professionals, and/or the general public that the above representations were false;

    f. Whether the above false representations were material;

    g. Whether Defendant's conduct caused harm to the Class Members;

    h. Whether the Class Members are entitled to restitution and/or suffered damages.

30.   **Typicality:** All of Plaintiff's claims are typical of the claims of the Class Members, all of whom have suffered similar harm due to Defendant's course of conduct described herein.

31.   **Adequacy:** Plaintiff is an adequate representative because her interests do not conflict with the interests of the Class that he seeks to represent, she has retained counsel who are competent and highly experienced in complex class action litigation, and she intends to prosecute this action vigorously. The interests of the Class will be fairly and adequately protected by Plaintiff and her counsel.

32.   **Superiority:** A class action is superior to all other available means of fair and efficient adjudication of the claims of Plaintiff and Members of the Class. The injury suffered by each individual Class Member is relatively small in comparison to the burden and expense of individual prosecution of the complex and extensive litigation necessitated by Defendant's conduct. It would be virtually impossible for Members of the Class individually to redress effectively the wrongs done to them. Even if the Members of the Class could afford such individual litigation, the court system could not. Individualized litigation presents a potential for inconsistent or contradictory judgments. Individualized litigation increases the delay and expense to all parties, and to the court

system, presented by the complex legal and factual issues of the case. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, an economy of scale, and comprehensive supervision by a single court. Upon information and belief, members of the Class can be readily identified and notified based on, *inter alia*, the purchase orders Defendant received for the Class Products. Finally, Defendant has acted, and refused to act, on grounds generally applicable to the Class, thereby making appropriate final equitable relief with respect to the Class as a whole.

## VII    CAUSES OF ACTION

### FIRST CAUSE OF ACTION

### FRAUD (AFFIRMATIVE MISREPRESENTATIONS)

### (Based on California Law)

### (On Behalf of the Nationwide Class or, Alternatively, the California Class)

33. Plaintiff and the Class incorporate by reference each preceding and succeeding paragraph as though fully set forth at length herein.

34. Plaintiff brings this claim on behalf of herself and on behalf of the Nationwide Class. Alternatively, Plaintiff brings this claim on behalf of herself and on behalf of the California Class against Defendant.

35. Defendant uniformly represented, marketed and advertised the Class Products as being:

    (a)    antimicrobial;

    (b)    capable of reducing hospital acquired infections; and

    (c)    capable of killing bacteria and infections upon contact.

36. Each of Defendant's representations described above were false. Defendant intentionally and/or recklessly misrepresented the material facts set forth above.

37. Defendant's statements were made with the intent to deceive Plaintiff and the Class, and to induce Plaintiff and the Class to purchase and use the gowns in reliance thereon.

38. Plaintiff and the Class, at the time these representations were made by Defendant, and at the time Plaintiff and the Class took the actions herein alleged, were ignorant of the falsity of Defendant's representations and believed them to be true.

39. Plaintiff and the Class relied on Defendant's representations and had Plaintiff and the Class known of the actual facts, Plaintiff and the Class would not have taken the actions they did, including but not limited to purchasing the Class Products.

40. Plaintiff and the Class Members' reliance on Defendant's representations was justified.

41. As a direct and proximate result of the above, Plaintiff and the Class have suffered damages in an amount to be proven at trial.

42. Defendant undertook the aforesaid illegal acts intentionally or with conscious disregard of the rights of Plaintiff and the Class, and did so with fraud, oppression, and/or malice so as to justify an award of punitive damages in an amount sufficient to deter such wrongful conduct in the future. Therefore, Plaintiff and the Class are also entitled to punitive damages against Defendant in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
## FRAUDULENT CONCEALMENT/NON-DISCLOSURE

43. Plaintiff and the Class incorporate by reference each preceding and succeeding paragraph as though fully set forth at length herein.

44. Plaintiff brings this claim on behalf of herself and on behalf of the Nationwide Class. Alternatively, Plaintiff brings this claim on behalf of herself and on behalf of the California Class against Defendant.

45. As alleged above, Defendant made a number of representations concerning the Class Products, including that the Class Products are antimicrobial; capable of reducing hospital acquired infections; and capable of killing bacteria and infections upon contact.

46. Defendant's representations described above were false. However, despite knowing of the falsity of their representations at least as of 2013, Defendant concealed, and/or failed to disclose material and contrary facts set forth above.

47. Defendant had a duty to disclose this information to their customers because: (a) it is material information that poses a safety risk to customers and Defendant knew the information was not reasonably discoverable by their customers; (b) Defendant made affirmative representations that were contrary and misleading without the disclosure of this information; and/or (c) Defendant actively concealed this information from its customers, the government and the public.

48. Defendant concealed and failed to disclose these material facts with the intent to deceive Plaintiff and the Class.

49. Defendant's concealments and non-disclosure of material facts as set forth above were made with the intent to induce Plaintiff and the Class to purchase and use the Class Products.

50. Plaintiff and the Class, at the time these failures to disclose and suppressions of facts occurred, and at the time Plaintiff and the Class purchased and used the Class Products, were ignorant of the existence of the facts that Defendant suppressed and failed to disclose. If Plaintiff and the Class had known of Defendant's concealments and failures to disclose material facts, she would not have taken the actions she did, including but not limited to purchasing the Class Products.

51. Plaintiff and the Class' reliance was justified and reasonable as they had no basis to doubt the original representations made to them, nor did they have reason to believe they were being misled or material facts were being concealed from them.

52. As a direct and proximate result of the above, Plaintiff and the Class have suffered damages in an amount to be proven at trial.

53. Defendant undertook the aforesaid illegal acts intentionally or with conscious disregard of the rights of Plaintiff and the Class, and did so with fraud, oppression, and/or malice so as to justify an award of punitive damages in an amount

sufficient to deter such wrongful conduct in the future. Therefore, Plaintiff and the Class are also entitled to punitive damages against Defendant in an amount to be determined at trial.

## THIRD CAUSE OF ACTION
## NEGLIGENT MISREPRESNTATION
### (Based on California Law)

54. Plaintiff and the Class incorporate by reference each preceding and succeeding paragraph as though fully set forth at length herein.

55. Plaintiff brings this claim on behalf of herself and on behalf of the Nationwide Class. Alternatively, Plaintiff brings this claim on behalf of herself and on behalf of the California Class against Defendant.

56. Defendant's representations of the Class Products being antimicrobial and capable of killing infections and bacteria was false and misleading. And Defendant intended that Plaintiff and the Class rely on these representations.

57. Plaintiff and the Class, at the time these representations were made by Defendant, and at the time Plaintiff and the Class took the actions herein alleged, were ignorant of the falsity of these representations and believed them to be true. Plaintiff and the Class relied on Defendant's representations and had Plaintiff and the Class known of the actual facts, Plaintiff and the Class would not have taken the actions they did, including but not limited to purchasing the Class Products. Plaintiff and the Class Members' reliance on Defendant's representations was justified.

58. As a direct and proximate result of the above, Plaintiff and the Class have suffered damages in an amount to be proven at trial.

59. Defendant undertook the aforesaid illegal acts intentionally or with conscious disregard of the rights of Plaintiff and the Class, and did so with fraud, oppression, and/or malice. This conduct subjected Plaintiff, the Class, and the public to unjust hardship so as to justify an award of punitive damages in an amount sufficient to

deter such wrongful conduct in the future.  Therefore, Plaintiff and the Class are also entitled to punitive damages against Defendant in an amount to be determined at trial.

### FOURTH CAUSE OF ACTION

### VIOLATIONS OF CALIFORNIA'S CONSUMER LEGAL REMEDIES ACT

### (Cal. Civ. Code § 1750, *et seq*.)

### (On Behalf of the Nationwide Class or, Alternatively, the California Class)

60. Plaintiff and the Class incorporate by reference each preceding and succeeding paragraph as though fully set forth at length herein.

61. Plaintiff brings this claim on behalf of herself and on behalf of the Nationwide Class.  Alternatively, Plaintiff brings this claim on behalf of herself and on behalf of the California Class against Defendant.

62. Defendant is "person" as that term is defined in California Civil Code § 1761(c).

63. Plaintiff and the Class Members are "consumers" as that term is defined in California Civil Code §1761(d).

64. Defendant engaged in unfair and deceptive acts in violation of the CLRA by the practices described above, and by knowingly and intentionally making the false representations as described above.  These acts and practices violate, at a minimum, the following sections of the CLRA:

> (a)(5) Representing that goods or services have sponsorships, characteristics, uses, benefits or quantities which they do not have, or that a person has a sponsorship, approval, status, affiliation or connection which he or she does not have;
>
> (a)(7) Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another;
>
> (a)(9) Advertising goods and services with the intent not to sell them as advertised.

65. Defendant's unfair or deceptive acts or practices occurred repeatedly in Defendant's trade or business, were capable of deceiving a substantial portion of the purchasing public.

66. Defendant knew that the Class Products were neither antimicrobial, capable of reducing hospital acquired infections, nor killing bacteria and infection on contact.

67. The facts misrepresented by Defendant to Plaintiff and the Class Members are material in that a reasonable consumer would have considered them to be important in deciding whether to purchase Defendant's or pay a lesser price. Had Plaintiff and the Class Members known of the misrepresentations as alleged herein, they would not have purchased the Class Products or would have paid less for them.

68. Plaintiff Torres provided Defendant with notice of its violations of the CLRA pursuant to California Civil Code § 1782(a) on August 1, 2019, and seeks injunctive relief. After the 30-day notice period expires, Plaintiff will amend this complaint to seek monetary damages under the CLRA.

69. Plaintiff and the other Class Members' injuries were proximately caused by Defendant's fraudulent and deceptive business practices.

70. Plaintiff has herewith the declaration of venue required by Civil Code § 1780(d).

71. Therefore, Plaintiff and the other Class Members seek injunctive relief under the CLRA.

## FIFTH CAUSE OF ACTION
## VIOLATIONS OF THE CALIFORNIA UNFAIR COMPETITION LAW
### (Cal. Bus. & Prof. Code § 17200)
### (On Behalf of the Nationwide Class or, Alternatively, the California Class)

72. Plaintiff and the Class incorporate by reference each preceding and succeeding paragraph as though fully set forth at length herein.

73. Plaintiff brings this claim on behalf of herself and on behalf of the Nationwide Class. Alternatively, Plaintiff brings this claim on behalf of herself and on behalf of the California Class against Defendant.

//
//

Class Action Complaint
Case No. 5:19-cv-1432

74. The California Unfair Competition Law ("UCL") prohibits acts of "unfair competition," including any "unlawful, unfair or fraudulent business act or practice" and "unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof. Code § 17200.

75. Defendant has engaged in unfair, deceptive, untrue, or misleading advertising by misrepresenting Class Products in the manner described herein.

76. These acts and practices have deceived Plaintiff and are likely to deceive the public. The false representations by Defendant were material to Plaintiff and the Class members, as it would have been to all reasonable consumers.

77. The injuries suffered by Plaintiff and the Class Members are greatly outweighed by any potential countervailing benefit to consumers or to competition, nor are they injuries that Plaintiff and the Class Members should have reasonably avoided.

78. Defendant's acts and practices are unlawful because they violate California Civil Code §§ 1668, and 1750 *et seq.*, California Commercial Code § 2313, and California Business and Professions Code 17500 *et seq*.

79. Plaintiff and the Class Members suffered an injury in fact as a direct result of Defendant's unlawful, unfair, and/or fraudulent business practices as described herein.

80. Defendant has derived and received, and will continue to derive and receive gains, profits, and advantages from Defendant's unfair, unlawful, and/or fraudulent business practices.

81. Plaintiff seeks to enjoin further unlawful, unfair and/or fraudulent acts or practices by Defendant, to obtain restitutionary disgorgement of all monies and revenues generated as a result of such practices, and all other relief allowed under California Business & Professions Code § 17200.

//
//
//
//
//

# SIXTH CAUSE OF ACTION

## VIOLATIONS OF THE CALIFORNIA FALSE ADVERTISING LAW

### (Cal. Bus. & Prof. Code § 17500)

**(On Behalf of the Nationwide Class or, Alternatively, the California Class)**

82. Plaintiff and the Class incorporate by reference each preceding and succeeding paragraph as though fully set forth at length herein.

83. Plaintiff brings this claim on behalf of herself and on behalf of the Nationwide Class. Alternatively, Plaintiff brings this claim on behalf of herself and on behalf of the California Class against Defendant.

84. California Business & Professions Code § 17500 states: "It is unlawful for any . . . corporation . . . with intent directly or indirectly to dispose of real or personal property . . . to induce the public to enter into any obligation relating thereto, to make or disseminate or cause to be made or disseminated . . . from this state before the public in any state, in any newspaper or other publication, or any advertising device, . . . or in any other manner or means whatever, including over the Internet, any statement . . . which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading."

85. Defendant caused to be made or disseminated throughout California and the United States, through advertising, marketing and other publications, statements that were untrue or misleading, and which were known, or which by the exercise of reasonable care should have been known to Defendant, to be untrue and misleading to consumers, including Plaintiff and the other Class Members.

86. Defendant has violated section 17500 because the misrepresentations and omissions regarding the functionality and characteristics of the Class Products as set forth in this Complaint were material and likely to deceive a reasonable consumer.

87. Plaintiff and the other Class Members have suffered an injury in fact, including the loss of money or property, as a result of Defendant's unfair, unlawful, and/or deceptive practices. In purchasing Class Products, Plaintiff and the other Class

1 Members relied on the misrepresentations and/or omissions of Defendant that the Class
2 Products were antimicrobial and killed bacteria and infections immediately on contact.
3 Had Plaintiff and the other Class Members known this, they would not have purchased
4 the Class Products and/or paid as much for them. Accordingly, Plaintiff and the other
5 Class Members overpaid for the Class Products and did not receive the benefit of their
6 bargain.

7      88. All of the wrongful conduct alleged herein occurred in the conduct of
8 Defendant's business.

9      89. Plaintiff, individually and on behalf of the other Class Members, request that
10 this Court enter such orders or judgments as may be necessary to restore to Plaintiff and
11 the other Class Members any money Defendant acquired by unfair competition, including
12 restitution and/or restitutionary disgorgement, and for such other relief set forth below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and members of the Class, respectfully request that this Court:

A. Determine that the claims alleged herein may be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure, and issue an order certifying one or more Classes as defined above;

B. Award all actual, general, special, incidental, statutory, punitive, and consequential damages and restitution to which Plaintiff and the Class Members are entitled, but award only restitution and injunctive relieve, pursuant to California Civil Code § 1780, at this time;

C. Appoint Plaintiff as the representative of the Class and their counsel as Class counsel;

D. Provide injunctive relief to preclude the wrongful conduct described herein;

E. Award pre-judgment and post-judgment interest on such monetary relief;

F. Grant appropriate injunctive and/or declaratory relief;

G. Award reasonable attorneys' fees and costs; and

Class Action Complaint
Case No. 5:19-cv-1432

H.   Grant such further relief that this Court deems appropriate.

Dated:  August 1, 2019                         Respectfully submitted,

MCCUNE WRIGHT AREVALO LLP


By:   */s/ David C. Wright*
      David C. Wright
      Attorneys for Plaintiff and Putative Class

## JURY DEMAND

Plaintiff, on behalf of herself and the putative Class, demand a trial by jury on all issues so triable.

MCCUNE WRIGHT AREVALO LLP

By:   */s/ David C. Wright*
      David C. Wright
      Attorneys for Plaintiff and Putative Class

Class Action Complaint
Case No. 5:19-cv-1432